UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 17-19455-PGH |
| | (Jointly Administered) |
| **CHARIOTS OF PALM BEACH, INC,** | Case No.: 17-19458-PGH |
| **and H&S, INC.,** | |
| | Chapter 11 |
| Debtors in Possession. | |
| _____/ | |

**DEBTORS-IN-POSSESSION, CHARIOTS OF PALM BEACH, INC. AND H&S, INC.'S, EMERGENCY MOTION TO CONVERT JOINTLY ADMINISTERED CHAPTER 11 CASES TO CHAPTER 7**

**Rule 9075-1 Statement of Exingent Circumstances**

**Despite Debtors-in-Possessions' best efforts to effectuate relief to victims of the apparent Ponzi scheme initiated by Debtors' prior principal and to protect the interests of all creditors in these proceedings, immediate conversion to chapter 7 is in the best interests of the estate and its creditors. There is no cash collateral from which to continue to conduct the ongoing business of Debtor, Chariots of Palm Beach, Inc. Due to the number of innocent victims who have never received titles or registrations for vehicles purchased pre-petition and due to the need for immediate relief for such victims, conversion to Chapter 7 and appointment of a Chapter 7 Trustee should be considered on an emergency, expedited basis to avoid continuing harm to the interests of innocent victims in these proceedings. Additionally, given competing motions for relief from stay by NextGear Capital and Flagler Bank, disposition of inventory and the $1,229,323,19 in DIP funds being held by the proposed CRO on behalf of Chariots of Palm Beach, Inc. and $4,700.92 in DIP funds being held on behalf of H&S, Inc., should be determined post-conversion so as to not prejudice the rights of a chapter 7 trustee.**

Debtors-In-Possession, Chariots of Palm Beach, Inc. ("Chariots") and H&S, Inc. ("H&S") (the "DIP"), by and through their undersigned counsel, pursuant to 11 U.S.C. § 1112 respectfully requests conversion, on an emergency basis, of these jointly administered Chapter 11 proceedings to Chapter 7 and states:

1. On July 27, 2017 DIP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"). Chariots of Palm Beach, Inc. formerly sold at retail, high-end

1

pre-owned automobiles. Jointly administered Debtor, H&S, Inc. was the luxury rental affiliate of Chariots. Shortly after undersigned's retention, it was realized that the Debtors' former principal had defrauded creditors and other third persons and entities, resulting in the requested resignation of Hugh Bate, the former president and the appointment of Charles Sharoubim as the new president of the Debtor entities and the retention of Michael Phelan of Moecker & Associates as Chief Restructuring Officer.

2. Pursuant to Bankruptcy Code §§1107(a) and 1108, the Debtor-in-Possession continues to operate its business and manage its financial affairs. No Trustee, examiner, or statutory committee have been appointed in this Chapter 11 case.

3. The Chapter 11 Case are being administered jointly pursuant to the *Order Jointly Administering Chapter 11 Cases* [ECF No. 24] pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(b).

4. A detailed description of the DIP's businesses and circumstances leading to the Chapter 11 filing is set forth in the filed *Chapter 11 Case Management Summary* [ECF No. 45].

5. On September 13, 2017, after selling approximately $800,000 worth of motor vehicles, post-petition, Debtors' further use of cash collateral was denied upon the objection of secured creditor, NextGear Capital. [ECF No. 238].

6. Primarily due to the efforts of the new President, Charles Sharaboim, the DIP accounts currently show net cash flow to the estate of approximately $650,000. Attached hereto as **Exhibits 1 and 2**, respectively, are the DIP account summaries for Chariots of Palm Beach, Inc. and H&S, Inc. The Chariots of Palm Beach DIP account currently shows a balance in the amount of $1,229,323.19. Assuming the 80% payoff rate for NextGear Capital, a net of approximately

$650,000 has inured to the benefit of the estate. This amount will increase upon consummation of one additional pending sale.

7. The original intention of the Debtors was to maximize return on sales of inventory at retail until such time as the ongoing business concern could be sold and to establish protocols for the release of titles and registrations to approximately 70 innocent pre-petition, bona-fide purchasers. Unfortunately, due to circumstances beyond the control of the Debtors-in-Possession, the budget requirements were not met and the proposed CRO, Michael Phelan, testified at the hearing on Debtors-in-Possession's Third Cash Collateral motion [ECF No. 73] that the Debtors were operating at a net loss. Additionally, the hoped-for buyer never materialized. In part due to the lack of a forensic analysis of the layers of fraud which allowed the former principal to move inventory from one secured lender to another, the proposed CRO[1] has been unable to lock-down numbers pertaining to inventory values at time of filing. Additionally, the former principal of the Debtors kept a manual check system with no back-up accounting software, making the analysis required in this type of case extremely challenging. Nevertheless, the Debtors-in-Possession are in the process of finalizing amended schedules and statements so that a more accurate portrayal of the assets and liabilities can be handed-off to a chapter 7 trustee. Unfortunately, given that there is no longer cash collateral for payment of employees, Debtors-in-Possession are unable to continue to investigate their own financial affairs at the DIPs' former place of business.

8. Undersigned counsel and his staff have been engaged virtually full-time for this case. Hundreds of pages of data were made available to all creditors through DropBox and now, through

---

[1] Michael Moecker & Associates has graciously agreed to allow Mr. Phelan's application for employment as CRO to be withdrawn. It was agreed that no compensation will be sought and the initial retainer of $35,000 will be returned to the estate.

a safer platform known as "ShareFile". The Court is invited to inspect these records online. Many hours were spent analyzing spreadsheets, checking account records and a multitude of related materials. Numerous email and phone communications with legal counsel and parties who have not yet been provided titles or who have expired or soon-to-be-expiring registrations are fielded, daily. Nevertheless, aside from the immediate release of all electronic titles by Legacy Bank of Florida, titles have not been forthcoming from NextGear.  Even titles for post-petition sales, which account for the resulting net profit to the estate, have not yet been released.  While the appropriate documentation has been furnished to NextGear and no questions have yet been asked of undersigned or of the Debtor-in-Possession or proposed CRO, it is unknown how long this process will take without further court intervention so that deadlines can be set for release of titles.  NextGear's counsel suggested that Debtors-in-Possession refer the post-petition buyers directly to NextGear which would cause bona-fide post-petition purchasers an undue burden, an unneccesary "next step" to obtain a title and registration.  This is grossly unfair to these recent purchasers and actually creates risk to the estate that some or all of these post-petition buyers will attempt to rescind, thereby causing substantial harm to the estate and its creditors.  This is another reason for the appointment of a chapter 7 trustee in these proceedings.  As Judge Isicoff observed in *In re Sundale, Ltd.*, 471 B.R. 300 (Bankr. S.D. Fla., 2012) at Page 307, a chapter 7 trustee may have "a more objective view to resolution of conflicts" with the lenders since "…all issues relating to claims administration lie only with the trustee."  Undersigned undertook his best efforts to obtain agreements with all secured creditors and was successful in doing so with the exception of NextGear Capital.  Perhaps a chapter 7 trustee might fare better than the Debtor-in-Possession as it has been unable to come to terms with NextGear Capital ever since the wrongful repossession it undertook on July 27, 2017.  It should be noted that two (2) of the wrongfully-seized vehicles are consignments that Debtors-in-Possession

have already sought to reject pursuant to their 365 Motion [ECF No. 135]. NextGear proposes to liquidate these consigned vehicles as implied by their Emergency Motion for Relief from Stay [ECF No. 224] which erroneously claims that the Debtor has no interest in the vehicles it claims it repossessed, pre-petition (See *In re Garcia*, 276 B.R. 699 (Bankr. S.D. Fla. 2002) where this Honorable Court held that a debtor retains a "significant" ownership interest in vehicles that have been repossessed, pre-petition and that such interest continues until such time as a new certificate of title has been issued pursuant to F.S. §319.28. Garcia, *supra* at 702 and 7040.) While Debtors-in-Possession maintain that NextGear violated the automatic stay of 11 U.S.C. §362 as to at least 7 of the 9 cars repossessed, the Garcia holding is nevertheless applicable to the case at bar and is an important consideration in establishing what constitutes property of these bankruptcy estates pursuant to 11 U.S.C. §541.

9. Given that Flagler Bank and NextGear Capital must sort-out their competing stay relief motions [ECF Nos. 138 and 188] (presumably through the previously-filed 506 adversary, Case No. 17-01339-PGH), and further given undersigned's right to a surcharge [ECF No. 205] and the existence of substantial 547 preference claims, the funds remaining in the DIP accounts should not be disturbed, pending appointment of a Chapter 7 trustee. Additionally, there are outstanding obligations that require payment (essentially accrued payroll and title fees incurred and to be incurred in completing the post-petition sales). The facts and circumstances of this difficult case require further forensics to determine the validity of the creditors' claims. As there are no funds from which to retain such a professional, appointment of a chapter 7 trustee is indicated.

10. Dismissal should not be considered. Based upon an analysis of the 90-day preferential payments made to the secured creditors in this case pursuant to 11 U.S.C. § 547, a Chapter 7 Trustee will have preference claims in the approximate amount of $8,495,589.16. The

Court should note that NextGear Capital received $4,850,034.06 in the 90-days prior to the July 27, 2017 filing date and Flagler Bank received $2,003,456.03. (See attached **Exhibit 3**). As shown on the third page of Exhibit 3, Mr. Phelan found that $1,414,617.75 of this amount paid to NextGear was not properly recorded on the books of Chariots of Palm Beach, Inc. The extraordinary value of these preference claims should be preserved for the benefit of all of the estate's creditors and for payment of the administrative expenses of this estate so that NextGear (or Flagler Bank as the case may be) should not benefit at the expense of the other secured and unsecured creditors in this case. While the right to recovery must first be determined by judgment, it should be noted that 11 U.S.C. §502(d) would otherwise require NextGear or Flagler Bank to satisfy the preference claim in order to have any claim in these proceedings whether under chapter 7 or chapter 11.

11. Given the aforementioned facts and circumstances and given the right of the Debtors-in-Possession to elect conversion to chapter 7 pursuant to 11 U.S.C. §1112(a) as subsections (a)(1), (2) or (3) are not implicated in these proceedings, the Debtors-in-Possession feel it is in the best interests of the creditors and the estate that these proceedings be converted to chapter 7 on an expedited basis. Without cash collateral, chapter 7 provides the best avenue for protection of the estate's creditors given the complexities of this matter and the competing claims and interests.

12. The Debtors-in-Possession respectfully request 30-days, post-conversion, in which to file any application for compensation or other application for payment of any administrative expense.

**WHEREFORE**, the Debtors-in-Possession respectfully request this Court enter an order, on an emergency expedited basis, converting these chapter 11 proceedings to chapter 7 and for such other and further relief as is just and proper.

**Dated: September 17, 2017**

I Hereby Certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted,

**McLAUGHLIN & STERN, LLP**
CityPlace Office Tower – Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Tel: (561) 659-4020
*Counsel for Debtor-In-Possession Chariots of Palm Beach, Inc. and H&S, Inc.*

By: /s/ *Steven S. Newburgh*
    STEVEN S. NEWBURGH, ESQ.
    Florida Bar No. 348619

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been furnished this 17th day of September, 2017, via CM/ECF to all persons authorized to receive notices, electronically, as set forth on the attached Service List and by U.S. Mail, postage prepaid, to all parties listed on the attached Service List who are not authorized to receive notices, electronically, through the Court's CM/ECF in addition to service by U.S. Mail, postage prepaid to all interested parties and creditors as shown on the attached Court Mailing Matrices and to the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, FL 33130.

    By: /s/ *Steven S. Newburgh*_____
        STEVEN S. NEWBURGH, ESQ.
        Florida Bar No. 348619

**SERVICE LIST**

# Mailing Information for Case 17-19455-PGH

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael R. Bakst     efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;efileu2170@gmlaw.com
- Scott N Brown     sbrown@bastamron.com, dtimpone@bastamron.com;hgerson@bastamron.com;zlaux@bastamron.com
- Ashley J Dillman Bruce     adbruce@bergersingerman.com, efile@bergersingerman.com;cphillips@bergersingerman.com;efile@ecf.inforuptcy.com
- Heidi A Feinman     Heidi.A.Feinman@usdoj.gov
- William A Fleck     wfleck@jupiterlegaladvocates.com, sczaplicki@jupiterlegaladvocates.com
- Julianne R. Frank     fwbbnk@fwbpa.com, jrfbnk@gmail.com
- David L Gay     dgay@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mvega@bergersingerman.com
- Malinda L Hayes     malinda@businessmindedlawfirm.com, mlhbnk@gmail.com
- Jeffrey S. Hochfelsen     jhochfelsen@kraskerlaw.com, bankruptcy1@aol.com;sperez@kraskerlaw.com
- Craig I Kelley     craig@kelleylawoffice.com, lyndia@kelleylawoffice.com,dana@kelleylawoffice.com,tina@kelleylawoffice.com;Caitlin@kelleylawoffice.com
- Loretta A Kenna     lakenna@bellsouth.net
- Roy S Kobert     roy.kobert@gray-robinson.com, andrea.taylor@gray-robinson.com
- Bernice C. Lee     blee@slp.law, dwoodall@slp.law;ematteo@slp.law
- Scott J Leitten     sleitten@blockandcoluccipa.com
- Orfelia M Mayor     omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- Brian K. McMahon     briankmcmahon@gmail.com, justine.neiro@gmail.com
- Michael W Moskowitz     mmoskowitz@mmsslaw.com
- Steven S Newburgh     snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;pcampbell@mclaughlinstern.com;BElliott@mclaughlinstern.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Chad P Pugatch     cpugatch.ecf@rprslaw.com
- Heather L. Ries     hries@foxrothschild.com, ralbert@foxrothschild.com
- William G Salim Jr     wsalim@mmsslaw.com, cleibovitz@mmsslaw.com
- Jeffrey M Siskind     jeffsiskind@msn.com, jmsesq500@gmail.com
- Stuart A Young     syoung@ybplaw.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

>Shirlee E Glahn
>POB 6513
>Delray Beach, FL 33482
>
>Michael Phelan
>c/o Michael Moecker & Assoc
>1883 Marina Mile Blvd #106
>Ft Lauderdale, FL 33315
>
>Ronald Zimmer
>POB 6513
>Delray Beach, FL 33482

# Mailing Information for Case 17-19458-PGH

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ashley J Dillman Bruce    adbruce@bergersingerman.com, efile@bergersingerman.com;cphillips@bergersingerman.com;efile@ecf.inforuptcy.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- David L Gay    dgay@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mvega@bergersingerman.com
- Loretta A Kenna    lakenna@bellsouth.net
- Steven S Newburgh    snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;pcampbell@mclaughlinstern.com;BElliott@mclaughlinstern.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- (No manual recipients)